# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1582

_____

| | | |
|---|---|---|
| Todd B. Dobbins, Sr.; Stacy L. Dobbins, | * | |
| | * | |
| | * | |
| Plaintiffs/Appellees, | * | |
| | * | |
| v. | * | |
| | * | |
| Hawk's Enterprises, doing business as Hawk's Mobile Homes, Inc.; John Evans; Eddie Hawks, | * | Appeal from the United States District Court for the Eastern District of Arkansas. |
| | * | |
| | * | |
| | * | |
| Defendants/Appellants, | * | |
| | * | |
| BankAmerica Housing Services, a division of Bank of America, FSB; Leigh Hanson; Debra Sweat; Rodney Smith; | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| Defendants, | * | |
| | * | |
| Carriage Homes, a division of Brilliant Homes Corporation, | * | |
| | * | |
| | * | |
| Defendant/Appellant. | * | |

_____

Submitted: November 15, 1999

Filed: December 23, 1999

_____

Before RICHARD S. ARNOLD, JOHN R. GIBSON, and BEAM, Circuit Judges.

_____

BEAM, Circuit Judge.

Todd and Stacy Dobbins contracted with Hawk's Enterprises to purchase a mobile home manufactured by Carriage Homes. They allege the mobile home was delivered with substantial damage. The Dobbinses also allege they tried several means to resolve the dispute, but they eventually filed suit claiming damages under multiple legal theories, including the Truth in Lending Act.[1] In response, Carriage Homes, Hawk's Enterprises, Eddie Hawks, and John Evans filed a motion to stay the federal court proceeding and compel arbitration. In June 1998, the district court granted the stay and ordered the parties to arbitrate.

In September 1998, the Dobbinses made a motion to lift the stay on the basis that the fees imposed by the American Arbitration Association (AAA) and their inability to pay the fees prevented them from effectively asserting their claims.[2] In response to the motion, the district court held an evidentiary hearing to provide the Dobbinses the opportunity to present evidence on their financial condition and inability to pay the arbitration fees. Following the evidentiary hearing, the district court lifted the stay, reopened the case, and found that the arbitration fees precluded the Dobbinses from availing themselves of the arbitral forum.

Carriage Homes, Hawk's Enterprises, Hawks, and Evans appeal, contending that the arbitration agreement entered with the Dobbinses is enforceable. We reverse and remand with instructions.

_____

[1]15 U.S.C. §§ 1601 et seq.

[2]The Dobbinses claim $50 million dollars in compensatory and punitive damages. We find the damage claim is disproportionate with the value of the mobile home, and the claim that the mobile home arrived with substantial damage.

As a threshold matter, the Dobbinses contend we lack jurisdiction to review the district court's order lifting the stay because it is an embedded arbitrability matter. An embedded arbitrability matter is one which arises as part of a broader action dealing with many issues. The Federal Arbitration Act (FAA), however, explicitly allows an appeal of an order refusing a stay and an order refusing to compel arbitration. See 9 U.S.C. § 16(a)(1)(A) & (C). Therefore, we have jurisdiction over this appeal.

Congress passed the FAA which mandated the enforcement of arbitration provisions, and declared a strong national policy in favor of arbitration. See Southland Corp. v. Keating, 465 U.S. 1, 10 (1983). From this strong policy flows a "broad principle of enforceability" of arbitration provisions. Id. at 11. To enforce an arbitration clause under the FAA, the arbitration provision must be a part of a written "maritime contract" or a contract evidencing a commercial transaction, and an arbitration agreement must be enforceable under the principles of contract law. See 9 U.S.C. § 2; see also Barker v. Golf U.S.A., Inc., 154 F.3d 788, 790 (8th Cir. 1998).

The Dobbinses contend that the arbitration clause is unconscionable because of the fees they must pay under the AAA rules. Therefore, they say, the contract is unenforceable. We review the district court's decision on arbitrability de novo and the court's factual findings for clear error. See Keymer v. Management Recruiters Int'l, Inc., 169 F.3d 501, 504 (8th Cir. 1999). We must consider the arbitrability of the issues with a healthy regard for the federal policy in favor of arbitration and any doubts about the ability to arbitrate the issue should be resolved in favor of arbitration. See id.

As the district court noted in its order, courts across the country have begun to recognize the potential that arbitration fees will make an arbitration agreement unconscionable. See Rollins, Inc. v. Foster, 991 F. Supp. 1426, 1439 (M.D. Ala. 1998); In re Knepp, 229 B.R. 821, 838 (Bankr. N.D. Ala. 1999); Patterson v. ITT Consumer Fin. Corp., 18 Cal. Rptr. 2d 563, 567 (Cal. Ct. App. 1993); Brower v.

Gateway 2000, Inc., 676 N.Y.S.2d 569, 574 (N.Y. App. Div. 1998). We agree with those courts that the potential is present. However, whether or not arbitration fees make the agreement to arbitrate unconscionable is something that must be determined on a case-by-case basis in light of the state law governing unconscionability.

In this case, the Dobbinses claim that the final fee determination they received from the AAA was $23,000.[3] The district court found this fee to be oppressive and therefore granted the stay. The AAA, however, has a fee waiver procedure. It decides whether or not to waive, in whole or in part, a fee on the basis of a claimant's financial situation. It is clear, however, from our reading of the evidentiary hearing transcript, that the Dobbinses never fully explored the AAA's fee waiver procedures because Mr. Dobbins refused to provide his family's financial information to the AAA. This is an important step that must be taken before an unconscionability determination can be made.

Therefore, in an effort to foster the policy in favor of arbitration, we reverse and remand this case with directions to order the Dobbinses to present a reduced demand for damages and to seek a diminution or a waiver of fees from the AAA. The district court also should retain jurisdiction over the case to determine if the fee, if not waived all together, is lowered to a reasonable amount. If the district court finds that the fee is unreasonable given the current financial situation of the Dobbinses, the district court should accept the appellant's offer[4] to pay the arbitration fees.

---

[3]The fee is based on the amount of damages claimed by the Dobbinses which, as we have earlier indicated, is $50 million dollars. It is clear from the record that this is the highest fee that the Dobbinses would possibly have to pay and it is also clear that the fee will be much less if a more realistic demand for damages is advanced.

[4]This offer was made at oral argument. We also note the appellants paid the initial $500 filing fee with the AAA to get the arbitration process started.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.